UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
ROCK ISLAND DIVISION

| | |
|---|---|
| TERRY R. REFFETT, JR., ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 4:13-cv-04031-SLD-JEH |
| ) | |
| COMISSIONER OF SOCIAL SECURITY, ) | |
| ) | |
| Defendant. ) | |
| ) | |

ORDER

Before the Court are the Report and Recommendation of United States Magistrate Judge Jonathan Hawley, ECF No. 21, filed on April 2, 2015, Plaintiff Reffett's Motion for Summary Judgment, ECF No. 13, and Defendant Commissioner of Social Security's Motion for Summary Affirmance, ECF No. 17.

The Court may accept, reject, or modify (in whole or in part) the findings or recommendations of the Magistrate Judge in a report and recommendation. Fed. R. Civ. P. 72(b)(3). The Court must review de novo the portions of the report to which objections are made. *Id.* In making this determination, the Court must look to all of the evidence contained in the record and "give fresh consideration to those issues to which specific objections have been made." *Rajaratnam v. Moyer*, 47 F.3d 922, 924 n.8 (7th Cir. 1995) (internal quotation marks omitted). It must review the other portions of the report for clear error. *See Johnson v. Zema Sys. Corp.*, 170 F.3d 734, 739 (7th Cir. 1999).

As an initial matter, the Court notes that the Magistrate Judge's role was simply to determine whether the decision of the Administrative Law Judge ("ALJ") was supported by

substantial evidence. "Substantial evidence" is defined as "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Skinner v. Astrue*, 478 F.3d 836, 841 (7th Cir. 2007). "The ALJ is not required to address every piece of evidence or testimony presented, but must provide a 'logical bridge' between the evidence and the conclusions . . . ." *Jones v. Astrue*, 623 F.3d 1155, 1160 (7th Cir. 2010). This Court may not reweigh evidence, decide questions of credibility, or substitute its judgment for that of the ALJ. See *Young v. Barnhart*, 362 F.3d 995, 1001 (7th Cir.2004).

On March 20, 2012, an Administrative Law Judge held a hearing to determine Plaintiff's eligibility for Social Security benefits. On April 3, 2012, the ALJ found that Plaintiff had the "residual functional capacity" (RFC) to perform light work as defined in 20 C.F.R. 404.1567(b) and 416.967(b), with the exception that he could only stand for 2–3 hours at a time for a total of 6 standing-and-walking hours per day; could sit for 2–3 hours at a time for a total of 6 sitting hours per day; could not climb ladders, ropes, or scaffolds; could occasionally climb ramps or stairs, balance, stoop, kneel, crouch, and crawl; could have no exposure to hazards such as dangerous machinery or unprotected heights; and must avoid concentrated exposure to extreme cold. AR 13.[1] The ALJ Also found that Plaintiff was 48 years old at the time of the onset of his disability, but had subsequently changed age category, pursuant to C.F.R. 404.1563 and 416.963. AR 16. The ALJ found, pursuant to C.F.R. 404.1569, 404.1569(a), 416.969, and 416.969(a) that there were a significant number of jobs in the national economy that Plaintiff could perform. *Id.* Based on these findings, the ALJ determined that Plaintiff had not been disabled from the time of his alleged onset of disability to the present, and denied Plaintiff's claim. AR 17.

---

[1] References to the Administrative Record are identified as AR [page number]. The Administrative Record appears in the docket as ECF No. 11.

In his Memorandum in Support of Motion for Summary Judgment, ECF No. 14, Plaintiff argued:

> 1) the ALJ erred by failing to find Reffett met or equaled Listing 1.04(A); 2) the ALJ erred in assessing the credibility of Reffett's statements about his pain; 3) the ALJ erred in concluding Reffett had the RFC to perform light work; 4) the ALJ erred in concluding Reffett could do a sit/stand job at the light exertional level; and 5) the ALJ erred in applying the grids.

Report and Recommendation ("R&R") 21; *see* Mem. Supp. Mot. Summ. J. 9, 11, 14, 16, 17. In a detailed 25-page report, the Magistrate Judge rejected Plaintiff's first four contentions because: 1) substantial evidence supported the ALJ's finding that Reffett did not meet Listing 1.04A, R&R 12; 2) the ALJ did not err in assessing Reffett's credibility, and provided sufficient articulation of her reasons to satisfy the Court's review, R&R 16; 3) although the ALJ failed to clarify an answer given by a doctor, any error in the ALJ's determination introduced by this failure was harmless, and thus the ALJ's determination that Reffett had RFC to perform light work was not subject to remand, R&R 18–19; and 4) the ALJ did not err in her conclusion that Reffett could perform light work, and appropriately supported that conclusion via questioning of the Vocational Expert, R&R 20–21. However, the Magistrate Judge did determine that as to Reffett's fifth contention, the ALJ had vailed to build a logical bridge between her statements at Plaintiff's hearing about Plaintiff's age and her written conclusions about the relationship between Plaintiff's age and transferability of job skills. R&R 24. For this reason, the Magistrate Judge decided that it was "difficult to make sense of" the ALJ's findings, and recommended that the case be remanded to the ALJ for more cogent questioning of the Vocational Expert as to transferability of job skills, exertional levels, and age categories, and a sufficient explanation of how she applied that information to Plaintiff's case. *Id.*

Defendant has not objected to any portion of the Magistrate Judge's Report and Recommendation. The Court finds that no portion of the Magistrate Judge's Report and Recommendation is clearly erroneous. *See Zema*, 170 F.3d at 739. Having reviewed and considered the Report and Recommendation, together with the entire record, the Court concurs with the recommendation of the Magistrate Judge for the reasons set forth in his Report and Recommendation. The Court also determines that no further proceeding is necessary.

Accordingly, the Report and Recommendation of the Magistrate Judge, ECF No. 21, is ADOPTED. Plaintiff's Motion for Summary Judgment, ECF No. 13, is GRANTED, and Defendant's Motion for Summary Affirmance, ECF No. 17, is DENIED. This matter is remanded pursuant to Sentence Four of 42 USC §405(g) in order for the ALJ to more cogently question the VE as to transferability of job skills, exertional levels, and age categories, and to sufficiently explain her application of the foregoing in her written Decision.

Entered this 25th day of September, 2015.

s/ Sara Darrow  
SARA DARROW  
UNITED STATES DISTRICT JUDGE